UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY ALMANZAR,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF NEW YORK, POLICE OFFICER WILLIAM GARCIA (Shield #9230), POLICE OFFICER RUDOLPH ROSADO (Shield #9497), SERGEANT STEVEN SILVERSTEIN and OFFICERS "JOHN DOE" #1 through #5, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>       Defendants. | **FIRST AMENDED COMPLAINT**<br><br>13-CV-3627 (GBD)<br><br><u>Jury Trial Demanded</u> |

Plaintiff ANDY ALMANZAR, by his attorneys, Reese Richman LLP, complaining of the Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, POLICE OFFICER WILLIAM GARCIA (Shield #9230), POLICE OFFICER RUDOLPH ROSADO (Shield #9497), SERGEANT STEVEN SILVERSTEIN and OFFICERS "JOHN DOE" #1 through #5, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and

1

pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ANDY ALMANZAR is a young Hispanic male with no prior history of arrests and was at all relevant times a resident of the borough of Manhattan in the County and State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls

the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants Police Officer WILLIAM GARCIA (Shield #9230), Police Officer RUDOLPH ROSADO (Shield #9497), SERGEANT STEVEN SILVERSTEIN and OFFICERS "JOHN DOE" #1 through #5 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## FACTS

11. At all relevant times, Plaintiff ANDY ALMANZAR lived with his family on West 180th Street in Manhattan.

12. At approximately 8:00pm on February 3, 2012, Plaintiff, accompanied by his girlfriend, was lawfully present at the 1 Train subway stop located at the corner of West 181st Street and Saint Nicholas Avenue.

13. Defendant P.O.s William Garcia and Rudolph Rosado, without reasonable

suspicion or probable cause, stopped Plaintiff and his girlfriend as they approached the elevator to reach the street.

14. Defendants, still without reasonable suspicion or probable cause, then unlawfully and unreasonably "frisk" searched Plaintiff and recovered from his pocket a small folding pocketknife, his wallet, his cellphone and his keys.

15. Plaintiff's pocketknife was in his pocket and was in no way visible or perceivable under his heavy winter coat. Plaintiff's pocketknife was lawful and Plaintiff was not carrying the pocketknife for any unlawful purpose.

16. At no time was there reasonable suspicion, probable cause, or any circumstances whatsoever to warrant a belief that Plaintiff's pocketknife was unlawful or that Plaintiff was carrying the pocketknife for an unlawful purpose.

17. Defendants confiscated Plaintiff's pocketknife, despite the lack of any unlawful purpose or nature to the pocketknife. The pocketknife has not been returned.

18. Despite a lack of probable cause Defendant P.O.s unlawfully and unreasonably arrested Plaintiff under Arrest #M12610953 and transported him to the NYPD 34th Precinct for processing.

19. At the 34th Precinct, Defendant Officer Garcia completed a "NYPD Stop, Question & Frisk System" report (the "Stop and Frisk Report") which indicated that Defendants did not have the reasonable suspicion or probable cause sufficient to constitutionally stop and detain Plaintiff.

20. Defendant Sgt. Silverstein knowingly signed the Stop and Frisk Report which indicated that Defendants did not have sufficient cause to stop and detain Plaintiff.

21. Defendants P.O. Garcia and Sgt. Silverstein also completed and/or signed

falsified reports, including an "NYPD Arrest Report" and "NYPD Property and Evidence Tracking System Property Clerk Invoice" that declare Plaintiff's legal pocketknife was an illegal gravity knife.

22. Further, although there was no probable cause to believe that criminal charges against him could succeed Defendants issued legal process against Plaintiff in the form of a desk appearance ticket ("DAT") with the Serial No. 034-00201 to appear at the Manhattan Criminal Court on March 12, 2012.

23. On or about March 12, 2012, Plaintiff appeared in Manhattan Criminal Court. At that time, Plaintiff was arraigned under Docket No. 2012NY018988 on the basis of an accusatory instrument, signed by Defendant P.O. Garcia, which contained false allegations, including the allegation that Plaintiff possessed a "gravity knife," and which charged Plaintiff with several crimes and violations.[1]

24. Plaintiff was required to defend the baseless charges against him, appearing numerous times in criminal court, until all charges were dismissed in their entirety on or about January 9, 2013 upon motion of the District Attorney.

25. Plaintiff filed a Notice of Claim with Defendant CITY Comptroller on April 5, 2013. Plaintiff's Notice of Claim was assigned number 2013PI009296.

**FIRST CLAIM FOR RELIEF:
DEPRIVATION OF FEDERAL CIVIL RIGHTS**

26. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

---

[1] Plaintiff was charged with the following: PL265.01(1) Criminal Possession of a Weapon in the 4th Degree; PL265.01(2) Criminal Possession of a Weapon in the 4th Degree; TAR1050.8(a) Weapon or Other Dangerous Instrument within the Transit Authority.

5

27. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

28. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement; Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

36. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers, confinement and emotional distress. Plaintiff was discredited in the minds of many members of the community.

37. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## THIRD CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

38. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

39. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

40. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff, who had never been arrested and was acting lawfully, to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

41. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the arrest numbers of the NYPD.  This abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

42. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

43. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER NEW YORK COMMON LAW

44. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

45. Defendants employed regularly issued legal process against Plaintiff to forbear him of liberty and the lawful use of property.

46. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

47. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process.

48. Defendants' abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes.

49. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

8

### FIFTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

50. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

51. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

52. The criminal charges against Plaintiff were terminated in his favor.

53. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

54. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

55. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION IN VIOLATION OF NEW YORK COMMON LAW

56. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

57. Defendant P.O. GARCIA charged Plaintiff with violating New York laws falsely, maliciously, in bad faith, and without probable cause.

58. Plaintiff suffered a deprivation of liberty in connection with his prosecution.

59. The prosecution of Plaintiff was terminated in his favor.

60. The Defendants' actions violated Plaintiff's rights under New York state law to be free from malicious prosecution.

61. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF: DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983

62. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

63. Defendants, without cause or justification, confiscated Plaintiff's personal property, namely, a pocketknife.

64. Defendants intentionally confiscated Plaintiff's property without regard to his due process rights.

65. Defendants failed to return Plaintiff's property to him, which has caused him to be deprived of its use and benefit. Defendants further failed to provide any notice to Plaintiff with respect to the availability of a post-deprivation procedure for securing the return of his property.

66. As a result of Defendants' aforementioned unconstitutional acts, Plaintiff has suffered, *inter alia*, financial harm, stress and strain, and continued loss of the use and benefit of his property.

## EIGHTH CLAIM FOR RELIEF NEGLIGENCE

67. Plaintiff ANDY ALMANZAR repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

68. Defendants had a legal duty to Plaintiff, including the duty to act reasonably and

the duty to Plaintiff to not violate his civil rights.

69. Defendants' actions in unlawfully stopping and frisking Plaintiff, unlawfully arresting plaintiff, unlawfully depriving plaintiff of liberty and property, and unlawfully initiating a legal process, among other acts against Plaintiff constituted a breach of Defendants' duty.

70. As a consequence of Defendants' actions as described herein, Plaintiff suffered a deprivation of his civil rights, deprivation of property and suffering, and has been otherwise injured.

71. Defendants' actions herein inflicted emotional distress upon Plaintiff.

72. Defendants' actions were the direct and proximate cause of the harm to Plaintiff.

73. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### NINTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE NEW YORK CONSTITUTION

74. Plaintiff ANDY ALMANZAR repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

75. Defendants' acts and omissions were a direct and proximate result of Plaintiffs and deprivation of his rights under Article I, Section 12 of the New York Constitution to be secure in his person and effects, against unreasonable searches and seizures, without probable cause.

76. The unlawful stops, searches, false arrests, and false imprisonment of Plaintiff were the direct and proximate result of a policy or practice of the City.

## TENTH CLAIM FOR RELIEF
## FALSE ARREST AND IMPRISONMENT IN VIOLATION OF NEW YORK COMMON LAW

77. Plaintiff ANDY ALMANZAR repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

78. As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has been deprived of his rights under New York law to be free from false arrest and false imprisonment.

## ELEVENTH CLAIM FOR RELIEF
## EQUAL PROTECTION

79. Plaintiff ANDY ALMANZAR repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

80. Defendants unlawfully singled out Plaintiff and violated his Fourth, Fifth, Sixth and Fourteenth Amendments, in part because of his race, age and gender.

81. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

82. As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## TWELTH CLAIM FOR RELIEF:
## ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

83. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

84. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

85. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

86. As a direct and proximate result of those constitutional abuses, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

87. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## THIRTEENTH CLAIM
## FAILURE TO INTERVENE

88. Plaintiff ANDY ALMANZAR repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

89. Those defendants that were present during the time when Plaintiffs constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

90. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth, and Fourteenth Amendments.

91. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress.

## FOURTEENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

92. Plaintiff ANDY ALMANZAR repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

93. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

94. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

95. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

96. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include detaining, "frisking" and prosecuting young minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, conducting intrusive body searches without individual particularized suspicion or other justification, arresting persons known to be innocent in order to meet "productivity goals", falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals;

97. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

98. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

99. Defendant CITY, as municipal policymaker in the training and supervision of Defendants CITY OF NEW YORK, P.O. WILLIAM GARCIA (Shield #09230), P.O. RUDOLPH ROSADO (#9497), SGT. STEVEN SILVERSTEIN and OFFICERS "JOHN DOE" #1 through #5, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

100. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

101. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

102. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

103. All of the foregoing acts by Defendants deprived Plaintiff Andy Almanzar of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. Not to be deprived of property without due process of law;

    c. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

    d. To be free from unlawful prosecution;

    e. To be free from infliction of emotional distress; and

    f. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
                October 21, 2013

                                                Respectfully submitted,

                                                /s/
                                          Kim E. Richman
                                          *Attorney for Plaintiff*
                                          **REESE RICHMAN LLP**
                                          875 Avenue of the Americas, 18th Floor
                                          New York, New York 10001
                                          Telephone: (212) 643-0500